UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK T. FIELDS,  No. 09-12181

        Plaintiff,  District Judge Marianne O. Battani
v.  Magistrate Judge R. Steven Whalen

UNITED STATES GOVERNMENT,

        Defendant.
                                         /

**REPORT AND RECOMMENDATION**

      Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(6)(1) for lack of subject matter jurisdiction [Doc. #21], referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the Motion be GRANTED, dismissing this case with prejudice.

**I.  BACKGROUND FACTS**

      On June 5, 2009, Plaintiff filed suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., ("FOIA") seeking his late father's tax returns. He alleges that on May 2, 2009 he requested the tax information pertaining to his deceased father, John S. Fields, from the Department of Treasury. *Amended Complaint,* Doc. #10 at 1. Defendant responded on August 10, 2008, asking for additional information regarding John Fields. *Id.* Plaintiff alleges that the next responses from Defendant, dated September 29 and October 19, 2009 respectively, stated that a search was conducted of an individual by the name of *James* Fields rather than his father. Defendant's October 19, 2009 correspondence states that it did not possess documents responsive to the request. *Defendant's Brief* at 5. Plaintiff apparently believes that Defendant was unable to find responsive documents because it was searching under the name *James*, rather than John Fields.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). In a factual attack on the complaint's adequacy, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996)(emphasis and internal citations omitted).

## III. ANALYSIS

Defendant argues that it conducted a good faith search of its records before concluding that it did not possess documents responsive to Plaintiff's request. *Defendant's Brief,* Doc. #21. Citing *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001), Defendant contends that its search was reasonably tailored to the nature of Plaintiff's request as required by 5 U.S.C. § 552(a). *Id.* at 6 of 9. Defendant also submits the affidavit of Senior Disclosure Expert Bonnie Mullins, who states that she conducted a search for responsive documents using the Integrated Data Retrieval system ("IDRS") which employed "search terms, such as the taxpayer's last name, and the Taxpayer Identification Number ("EIN") or social security number." *Affidavit of Bonnie Mullins* at ¶¶7-8. She states further that upon finding no responsive information, she also checked the information found on the individual's death certificate, requested that a fellow Senior Disclosure Expert duplicate her search, and requested a cross search by IRS's Estate and Gift tax office - all of which showed no responsive documents. *Id.* at ¶8.

In response, Plaintiff argues that the October 19, 2009 correspondence from Mullins states only that no responsive documents existed in *James* Field's records. He posits that the search was fruitless only because the Defendant researched the wrong individual. *Response,* Doc. #24 at 1-2, Exhibit A.

Defendant replies with a supplemental affidavit by Mullins, stating that her October 19, 2009 letter to Plaintiff states incorrectly that she had searched the records of James rather than John Fields. *Reply,* Doc. #25, *Supplemental Affidavit of Bonnie Mullins* at ¶10. She avers that in fact, the records researched were those of John Fields. *Id.* She reiterates that the search was performed using John Fields' last name and social security number, noting that using those search terms, it would have been impossible to search another individual's records in error. *Id.* at ¶¶7-8.

Plaintiff's *Sur-Reply* does not contest the supplemental affidavit but states nonetheless that Defendant has shown "bad faith." *Id.,* Doc.#26. In support of his "bad faith" claim, Plaintiff points out that an earlier correspondence from Defendant contained an incorrect date. *Id.* at 5 of 9.

"Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reporters Committee for Freedom of the Press* 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed. 2d 267 (1980)(internal citations omitted). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.*

Plaintiff has not shown that documents pertaining to his deceased father's tax returns were "withheld" - much less improperly withheld. Moreover, Defendant has made a showing that it made a good faith effort to locate the responsive documents. *See Rugiero, supra,* 257 F.3d at 544 (In

-3-

showing a "good faith" effort to locate the requested documents, "the agency may rely on affidavits or declarations that provide reasonable detail of the scope of the search." )(internal citations omitted). "In the absence of countervailing evidence or apparent inconsistency of proof, such affidavits will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id.* (Internal citations and punctuation omitted). While Plaintiff asserts that the misdated correspondence establishes "bad faith" by Defendant, he has presented no evidence which would dispute the adequacy of Defendant's affidavits. *See Rugiero,* at 544. Accordingly, Defendant's motion should be granted.

### IV. CONCLUSION

For these reasons, I recommend that Defendant's motion be GRANTED, dismissing this case with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              U.S. MAGISTRATE JUDGE

DATED: February 25, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on February 25, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 25, 2011: **Patrick Fields.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge R. Steven Whalen
                                              (313) 234-5217